**JOHN L. BURRIS, ESQ. SBN 69888**
**ADANTE D. POINTER, ESQ., SBN 236229**
**MELISSA C. NOLD, ESQ., SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:   (510) 839-5200
Facsimile:    (510) 839-3882

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHOUA VANG; and TED RICHARDS JR., individually and as Co-Successors-in-Interest to Decedent DARELL RICHARDS,<br><br>                              Plaintiffs,<br><br>    vs.<br><br>CITY OF SACRAMENTO, a municipal corporation; and DOES 1-50, inclusive, individually and in their official capacity as agents of the Sacramento Police Department,<br><br>                              Defendants. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C. Section 1983 and pendent tort claims)<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1.   This case arises out of the wrongful death of 18-year-old Darell Richards. On September 6, 2018, Mr. Richards was shot to death by multiple members of the Sacramento Police Department after they made a series of tactical errors in attempting to detain him while he was in the midst of a mental health crisis.

2.   This civil rights and wrongful death action seeks compensatory and punitive damages against Defendants for violating various rights under the United States Constitution and California state law in connection with the fatal shooting of Darell Richards.

**JURISDICTION AND VENUE**

3. This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of Sacramento, County of Sacramento, California, which is within the judicial district of this Court.

4. The Supplemental Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**PARTIES**

6. Decedent DARELL RICHARDS (hereinafter "Decedent") was an individual residing in the State of California. Decedent died intestate. Decedent did not file any legal actions prior to his death. To the extent that this action seeks to recover damages for the violation of rights personal to Decedent, this action is maintained by his parents, Co-Successors-in-Interest KHOUA VANG; and TED RICHARDS JR. Said Plaintiffs are the people with standing to bring this action as Decedent was unmarried and had no children at the time of his death.

7. Plaintiff KHOUA VANG (hereinafter "Plaintiff Khoua Vang") is and was at all times herein mentioned the biological mother of Decedent. Plaintiff KHOUA VANG sues in her individual capacity and as Co-Successor-in-Interest to Decedent.

8. Plaintiff TED RICHARDS JR. (hereinafter "Plaintiff Ted Richards Jr."), is and was at all times herein mentioned the biological grandfather of Decedent. Plaintiff Ted Richards Jr. sues in his individual capacity and as a Co-Successor-in-Interest to Decedent.

9. Defendant CITY OF SACRAMENTO (hereinafter "City") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Sacramento Police

Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant City was the employer of DOES Defendants, individually and as a peace officers.

10. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs allege Defendants DOES 1 through 25 violated Decedent's civil rights, wrongfully caused his death, and/or encouraged, directed, enabled and/or ordered other defendants to engage in such conduct. Plaintiffs further allege that the Defendants DOE Sacramento Police Department Officers violated Plaintiffs' Fourteenth Amendment rights to familial association and companionship and caused the wrongful death of Decedent. Plaintiffs will amend this Complaint to state the names and capacities of DOES 1 through 25, inclusive, when they have been ascertained. Plaintiffs counsel made numerous attempts to obtain the names of the responsible officers, via email and postal mail, but the Sacramento City Attorney's office refused to respond to multiple requests to identify DOES 1-25, despite precedent requiring the disclosure of the names.

11. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 26 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named was employed by Defendant City at the time of the conduct alleged herein. Plaintiffs allege that each of Defendants DOES 26-50 were responsible for the training, supervision and/or conduct of the police officers and/or agents involved in the conduct alleged herein. Plaintiffs allege that each of Defendants DOES 26 through 50 was also responsible for and caused the acts and injuries alleged herein. Plaintiffs will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

**PRELIMINARY ALLEGATIONS**

12. The City of Sacramento is a public entity and is being sued under Title 42 U.S.C. § 1983 for violations of the Fourteenth Amendments of the United States Constitution, California state law, the California Tort Claims Act, and the Government Code for the acts and omissions of Defendants DOES 1-25, and each of them, who at the time they caused Plaintiffs' and Decedent's

injuries, damages and death were duly appointed, qualified and acting officers, employees, and/or agents of City and acting within the course and scope of their employment and/or agency.

13. Plaintiffs allege that the conduct of each defendant deprived Decedent of his constitutional right to life and caused Decedent to suffer grievous harm prior to his death.

14. Each of the Defendants caused and is responsible for the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents and officers under their direction and control.

15. Whenever and wherever reference is made in this Complaint to any act by Defendants DOES 1-50, such allegations and references shall also be deemed to mean the acts and failures to act of each DOE Defendants individually, jointly or severally.

## ADMINISTRATIVE PREREQUISITES

16. Plaintiffs are required to comply with an administrative tort claim requirement under California law. Plaintiffs filed a claim against the City of Sacramento on October 30, 2018. Plaintiffs claim was rejected on October 10, 2018. Plaintiffs have exhausted all administrative remedies pursuant to California Government Code Section 910.

## MONELL ALLEGATIONS

17. Based upon the principles set forth in *Monell v. New York City Department of Social Services,* 436 U.S. 658 (1978), City is liable for all injuries sustained by Plaintiffs as set forth herein. City bears liability because its policies, practices and/or customs were a cause of Decedent's death and Plaintiffs' injuries. City and its officials maintained or permitted one or more of the following official policies or customs:

a) Failure to provide adequate training and supervision to police officers with respect to constitutional limits on the use of deadly force;

b) Failure to provide adequate training and supervision to police officers with respect to constitutional limits on use of force, arrest, search, and detention;

c) Failure to adequately discipline or retrain officers involved in misconduct;

d) Selection, retention, and assignation of officers with demonstrable propensities for excessive force, violence, dishonesty, and other misconduct;

e) Encouragement of officers in the belief that they can violate the rights of persons, such as Plaintiff, with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.;

f) Refusal to name officers responsible for deadly force incidents; and

g) Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this complaint and, in particular, the ratification of the unjustified shooting of Decedent.

## **GENERAL ALLEGATIONS**

18. On September 5, 2018, at approximately 11:30 p.m., passerby's contacted Sacramento Police Department, after seeing 18-year-old Decedent Darell Richards walking down the 1500 block of Broadway Street, in Sacramento. Decedent was acting bizarrely, wearing a hospital mask and carrying what appeared to be a handgun. Sacramento Police Department Officers located Decedent near 20th Street and Broadway and he ran away from the officers. Prior to this incident, Decedent was manifesting signs of mental illness and was scheduled to obtain a mental health evaluation.

19. The Sacramento Police Department set up a perimeter and searched the general area where Decedent was headed, with the assistance of a California Highway Patrol (CHP) helicopter.

20. On September 6, 2018, at approximately 12:00 a.m., Officers contacted residents on the 2000 block of 1st Street and asked them to stay in their homes, due to an incident.

21. At approximately 2:00 a.m., Sacramento Police Department SWAT Officers contacted the occupants of 2017 1st Avenue and told them to stay inside of their home.

22. At approximately 3:15 a.m., witnesses saw Officers deploy a K-9 unit into the backyard of 2017 1st Avenue. The K-9 Officer went into the backyard, urinated and went back to the Officers. The Officers deployed the K-9 Officer a second time. This time, the K-9 Officer appeared to locate someone under the backyard deck and returned to the Officers.

23. Immediately thereafter, three to four SWAT Officers entered the backyard and rounded the corner of the home, where Decedent was cowering under the raised deck. Multiple Officers screamed commands at the confused teenager and immediately opened fire, striking Decedent multiple times. Decedent died as a result of his injuries.

24. During the hours leading to the shooting, Officers made no attempts to establish communications with Decedent, de-escalate the situation, or obtain assistance from the Sacramento Police Department Hostage Negotiation Team.

25. On information and belief, Decedent was not holding a firearm at the time that he was shot to death. On further information and belief, both of Decedent's arms were raised and positioned in a surrender posture, with his palms open and facing the officers at the time that Defendants began to shoot him. Decedent's surrender position is evidenced by the fact that Defendants shot Decedent through his right palm.

26. Decedent's death was proximately caused by the injuries he suffered at the hands of Defendant DOE Officers.

27. The actions and omissions of Defendants DOE Sacramento Police Department Officers were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of City and/or other jurisdictions.

28. Plaintiffs are informed and believe and thereon allege that City and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline DOES 1-25. Their failure to discipline DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of

improper detentions and arrests, the use of excessive and/or deadly force and the fabrication of official reports to cover up DOES 1-25's inclusive, misconduct.

29. Plaintiffs are informed and believe and thereon allege that members of the Sacramento Police Department, including, but not limited to DOES 1-25 and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to Decedent.

30. Plaintiffs are informed, believe and therein allege that City knew or had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

31. At all material times, and alternatively, the actions and omissions of each Defendant were conscience-shocking, reckless, deliberately indifferent to Decedent's and Plaintiffs' rights, negligent, and objectively unreasonable.

## **DAMAGES**

32. As a consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, Plaintiffs were mentally, and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited to: Plaintiffs' loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support and financial support.

33. Plaintiffs seek both survival and wrongful death damages, pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b), for the violation of both Decedent's and their rights. Additionally, Plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61 and loss of financial support.

34. Plaintiffs are further entitled to recover damages incurred by Decedent before he died as a result of being deprived without due process of his right to life, and to any penalties or punitive damages to which Decedent would have been entitled to recover had he lived, including damages incurred by Decedent consisting of pain and suffering he endured as a result of the violation of his civil rights.

35. Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiffs' rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing party in this action under 42 U.S.C. § 1983, and 1988.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. section 1983)**
**(Survival Action: Excessive Force)**
**(Plaintiffs as Co-Successors-in-Interest to Decedent Darell Richards against Defendants DOES 1-25)**

36. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 35 of this Complaint.

37. The foregoing claim for relief arose in Decedent's favor and Decedent would have been the Plaintiff with respect to this claim if he had lived.

38. Defendant(s) unjustified shooting deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

39. As a result, Decedent suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life.

40. This use of deadly force was excessive and unreasonable under the circumstances. Defendants' actions thus deprived Decedent of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

41. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. section 1983)**

**(Survival Action:  Denial of Medical Care)**
**(Plaintiffs as Co-Successors-in-Interest to Decedent Darell Richards against Defendants DOES 1-25)**

42. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 41 of this Complaint.

43. The foregoing claim for relief arose in Decedent's favor and Decedent would have been the Plaintiff with respect to this claim if he had lived.

44. The denial of medical care by Defendants deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

45. As a result, Decedent suffered extreme pain and suffering and eventually suffered a loss of life and earning capacity. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life.

46. Defendants knew that failure to provide timely medical treatment to Decedent could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Decedent great bodily harm and death.

47. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(42 U.S.C. § 1983)**
**(Violation of Plaintiffs' 14th Amendment Rights/Right to a Familial Relationship)**
**(Plaintiffs as Individuals against Defendants DOES 1-25)**

48. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 47 of this Complaint.

49. Plaintiffs Khoua Vang and Ted Richards Jr. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience,

including but not limited to, unwarranted state interference in Plaintiffs' familial relationship with Decedent.

50. Decedent had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

51. As a result of the excessive force by Defendants, Decedent died. Plaintiffs were thereby deprived of their constitutional right of familial relationship with Decedent.

52. Defendants, acting under color of state law, thus violated the Fourteenth Amendment rights of Plaintiffs to be free from unwarranted interference with their familial relationship with Decedent.

53. The aforementioned actions of Defendants, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Decedent and Plaintiffs and with purpose to harm unrelated to any legitimate law enforcement objective.

54. Defendants, acting under color of state law, thus violated the Fourteenth Amendment rights of Decedent and Plaintiffs.

55. As a direct and proximate cause of the acts of Defendants, Decedent experienced severe pain and suffering and lost his life and earning capacity. Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of their natural lives.

56. As a result of the conduct of Defendants, they are liable for Decedent's injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

57. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and Plaintiffs.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Monell - Municipal Liability for Unconstitutional Custom or Policy)**
**(Plaintiffs as Co-Successors-in-Interest to Decedent Darell against Defendants City and DOES 26-50)**

58. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 57 of this Complaint.

59. On information and belief Defendants' DOES 1-25 conduct, individually and as peace officers was ratified by City's police department supervisorial officers DOES 26-50.

60. On information and belief, Defendants were not disciplined for the killing of Decedent.

61. On and for some time prior to September 6, 2018, (and continuing to the present day) Defendants, individually and as peace officers, deprived Plaintiff and Decedent of the rights and liberties secured to them by the Fourth and Fourteenth Amendment to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and Decedent, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

    a) Employing and retaining as police officers and other personnel, including Defendants, individually and as peace officers; who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written City Police Department policies, including the use of excessive and deadly force;

    b) Of inadequately supervising, training, controlling, assigning, and disciplining City Police officers, and other personnel, including Defendants who City knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

    c) Of inadequately supervising, training, controlling, assigning, and disciplining City Police officers, and other personnel, including Defendants in responding to individuals who were mentally impaired or disabled;

    d) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants who are Police Officers of City;

    e) By failing to discipline City Police Officers' conduct, including but not limited to, unlawful detention and excessive and deadly force;

    f) By ratifying the intentional misconduct of Defendants and other officers who are Police Officers of City;

    g) By having and maintaining an unconstitutional policy, custom and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs and practices of Defendants were done with a deliberate indifference to individuals' safety and rights; and

    h) By failing to properly investigate claims of unlawful detention and excessive force by City Police Officers.

62. By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, Decedent was severely injured and subjected to pain and suffering and lost his life and earning capacity for which Plaintiffs are entitled to recover damages.

63. Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent, Plaintiffs, and other individuals similarly situated.

64. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers; acted with an intentional, reckless, and callous disregard for the life of Decedent. Each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

65. Furthermore, the policies practices, and customs implemented and maintained and still tolerated by Defendants, individually and as peace officers; were affirmatively linked to and were significantly influential force behind the injuries of Decedent and Plaintiffs.

66. By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiffs were caused to incur funeral and related burial expenses, loss of gifts and benefits and loss of financial support.

67. By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

68. Accordingly, Defendants, individually and as peace officers, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(C.C.P. Section 377.60 and 377.61)**
**(Wrongful Death- Negligence)**
**(Plaintiffs, Individually and as Successors-in-Interest to Decedent Darell Richards against Defendants DOES 1-25)**

69. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 68 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

70. Defendants shot and killed Decedent despite the absence of a threat to a defendant officer or any other person.

71. Defendants' negligent actions and/or negligent failure to act within the scope and course of their employment with Defendant City, as set forth herein-above proximately caused the death of Decedent.

72. On information and belief, Defendants did not receive the proper and special training necessary for the duties they could foreseeably be expected to perform in the course of their employment; and were not trained in proper police tactics to deal with:

(a) Safe and proper mission-oriented deployment of officers and SWAT officers.

(b) The correct choice of weapons for SWAT officers to use in entering close quarters.

(c) The use of negotiators in dealing with suspects who are mentally, psychological impaired and/or under the influence of drugs.

(d) The immediate response of mental health professionals to situations where armed persons are mentally or psychologically agitated.

(e) The proper methods, and necessity of, obtaining a history of the suspect's prior acts of violence, for use by negotiators in speaking with the suspect.

(f) The correct methods and opportune time to fire weapons at a suspect.

(g) Correct methods and proper police practices to avoid indiscriminate firing by patrol officers and SWAT officers.

73. On September 6, 2018, most of the above enumerated failures became evident when the defendants, negligently and recklessly failed to follow proper police tactics and negligently and recklessly failed in the following particulars:

(a) Negligently failed to negotiate at the beginning stages of the confrontation.

(b) Negligently failed to obtain a history of Decedent's mental health or propensity, or lack of propensity for violence, to be used by the negotiators.

(c) Negligently failed to bring mental health professionals to the scene to deal with a mentally and psychologically disturbed individual.

(d) Negligently and recklessly permitted patrol officers and SWAT officers to engage in indiscriminate firing; thereby leading to more confusion and a further escalation of tensions.

(e) Negligently deployed patrol officers and SWAT officers at the scene.

(f) Negligently ordered an attack without giving negotiators sufficient time to defuse and de-escalate the situation, particularly since Decedent was contained within an enclosed and contained backyard.

(g) Negligently ordered and permitted the SWAT officers to enter the backyard in a reckless and negligent a manner.

74. The reckless, negligent, and incompetent acts and omissions of Defendants were the proximate cause of the tragic death of Decedent, and have proximately caused Plaintiffs to suffer great emotional pain and suffering, and the permanent loss of Decedent's, affection, comfort, society, companionship, services, and contributions.

75. As an actual and proximate result of said Defendants' negligence, and the death of Decedent, Plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of Decedent, in an amount according to proof at trial.

76. As a further actual and proximate result of said Defendants' negligence, Plaintiffs have incurred funeral and burial expenses, in an amount according to proof at trial.

77. Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiffs have brought this action, and claim damages from said Defendants for the wrongful death of Decedent and the resulting injuries and damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
**(Survival Action: Violation of California Civil Code §52.1)**
**(Plaintiffs as Co-Successors-in-Interest to Decedent Darell Richards against Defendants DOES 1-25)**

78. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 77 of this Complaint.

79. The foregoing claim for relief arose in Decedent's favor and Decedent would have been the Plaintiff with respect to this claim if he had lived

80. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Decedent's peaceable exercise and

enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

81. As a direct and proximate result of Defendant's violation of Civil Code § 52.1, Decedent suffered violations of his constitutional rights, and suffered damages as set forth herein.

82. Plaintiff is entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code § 52.1(h).

83. Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of her reasonable attorney's fees pursuant to Civil Code § 52(a).

84. Under the provisions of California Civil Code §52(b), Defendant is liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**(Survival Action: Assault)**
**(Plaintiffs as Co-Successors-in-Interest to Decedent Darell Richards against Defendants DOES 1-25)**

85. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 84 of this Complaint.

86. The foregoing claim for relief arose in Decedent's favor and Decedent would have been the Plaintiff with respect to this claim if he had lived

87. Defendants above described conduct caused Decedent to fear that he was going to be shot and killed.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**EIGHT CAUSE OF ACTION**
**(Survival Action: Battery)**
**(Plaintiffs as Co-Successors-in-Interest to Decedent Darell Richards against Defendants DOES 1-25)**

88. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 87 of this Complaint.

89. The foregoing claim for relief arose in Decedent's favor and Decedent would have been the Plaintiff with respect to this claim if he had lived

90. Defendants' conduct was neither privileged nor justified under statute or common law. Defendants shot Decedent without just cause or provocation.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

91. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof as to DOES 1-25;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
5. For any and all statutory damages allowed by law;
6. For cost of suit herein incurred; and
7. For such other and further relief as the Court deems just and proper.

Dated:  March 4, 2019                                **Law Offices of John L. Burris**

　　　　　　　　　　　　　　　　　　　　　　　　　　 __/s/ *John L. Burris*_____
　　　　　　　　　　　　　　　　　　　　　　　　　　 John L. Burris
　　　　　　　　　　　　　　　　　　　　　　　　　　 Attorney for Plaintiffs