UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KHOUA VANG, et al., | No. 2:19-cv-00374-JAM-JDP |
|---|---|
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' MOTION TO AMEND** |
| CITY OF SACRAMENTO, et al., | |
| Defendants. | |

In the early morning hours of September 6, 2018, members of the Sacramento Police Department shot and killed eighteen-year-old Darell Richards. The instant lawsuit was filed by Richards' parents, Khoua Vang and Ted Richards Jr. ("Plaintiffs"), six months after their son's death. Plaintiffs filed suit against the City of Sacramento, Sacramento Police Department Sergeant Todd Edgerton and Officer Patrick Cox, and several other unnamed Sacramento Police Department officers ("Defendants"), alleging a host of civil rights violations. See First Am. Compl. ("FAC"), ECF No. 12. Plaintiffs now seek leave to amend their FAC to update the facts of the case, add Sacramento Police Department Chief Daniel Hahn and Lieutenant Sameer Sood as named defendants, include the City of Sacramento as a defendant in pre-existing causes of action, and add a cause of action for supervisory

1

liability. See Mot. to Amend FAC ("Mot."), ECF No. 30. Plaintiffs also request that the scheduling be reset to allow for additional fact discovery. Id. Defendants oppose both requests ("Opp'n"), ECF No. 32.

For the reasons set forth below, the Court GRANTS Plaintiffs' Motion to Amend.[1]

## I. BACKGROUND

On September 5, 2018, at approximately 11:30 PM, the Sacramento Police Department was informed that Richards was walking down the 1500 block of Broadway, in Sacramento. FAC ¶ 20. Police were told that Richards was "acting bizarrely, wearing a hospital mask, and carrying what appeared to be a handgun." Id. Richards ran from police officers when they located him near 20th Street and Broadway. Id. The Sacramento Police Department S.W.A.T. team was deployed to the area to set up a perimeter and conduct a search. FAC ¶ 21. Sergeant Edgerton and Officer Cox were among the S.W.A.T. team members sent to the scene to search for Richards. Id.

Prior to locating Richards, officers found his backpack which contained identifying information and a possible suicide note. FAC ¶ 22. Before the night in question, Richards was showing signs of mental illness and was scheduled to obtain a mental health evaluation. FAC ¶ 20. Officers did not contact Richards' family upon finding his backpack. FAC ¶ 22. Nor did they contact any crisis negotiators, mental health experts, or

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 8, 2021.

2

the Sacramento Police Department Hostage Negotiation Team. FAC ¶ 23. Instead, officers told residents in the area to stay in their homes and, at approximately 3:15 AM, a K-9 unit was deployed. FAC ¶¶ 24-26.

The K-9 officer located Richards under a backyard deck but did not try to interact with him. FAC ¶¶ 26-27. Instead, the K-9 officer returned to the other officers and, shortly thereafter, three to four S.W.A.T. team members, including Sergeant Edgerton and Officer Cox, entered the backyard. FAC ¶ 28. As the S.W.A.T. team approached the deck, an officer shouted "hands, hands, hands" at Richards. Id. Sergeant Edgerton and Officer Cox immediately opened fire, shooting Richards multiple times. Id. Richards died of his injuries. Id.

On March 4, 2019, Plaintiffs filed suit against Defendants. See Compl., ECF No. 1. On May 30, 2019, the Court entered its initial Scheduling Order. See Sched. Order, ECF No. 14. On January 15, 2020, Plaintiffs filed their FAC. See FAC. On May 1, 2020, citing COVID-19-related interruptions and delays, the parties stipulated to amend the Scheduling Order to extend the discovery deadline. See Stip., ECF No. 14. The Amended Scheduling Order extended the discovery deadline to February 12, 2021. See Min., ECF No. 15. In January of 2021, Plaintiffs deposed several defendants and witness officers. Mot. at 2; Opp'n at 2.

Plaintiffs contend that these depositions revealed previously undisclosed information. Id. As such, the parties stipulated to another extension of the fact discovery deadline—to April 16, 2021. See Stip., ECF No. 25. The pretrial schedule

3

was amended accordingly. See Min., ECF No. 26. Plaintiffs took additional depositions in March of 2021. Mot. at 2; Opp'n at 2. Plaintiffs contend that Chief Hahn and Lieutenant Sood's depositions revealed additional previously unknown information which necessitates another extension of the discovery deadline and the filing of a Second Amended Complaint ("SAC"). See generally Mot.

## II. OPINION

### A. Legal Standard

After the Court has filed a pretrial scheduling order, a party's motion to amend must satisfy Rule 16(b)'s "good cause" requirement. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). This requirement primarily looks to "the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. "[T]he existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion." Id. But, unlike Rule 15's analysis, "the focus of the inquiry is upon the moving party's reasons for seeking modification [of the schedule]." Id. If the "[moving] party was not diligent, the inquiry should end." Id.

Even if "good cause" is shown, the moving party must still "demonstrate that the amendment [is] proper under Rule 15." Id. at 608 (quoting Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987). Rule 15 requires the Court freely grant leave to amend "when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962). Although the Court should not grant leave to amend under Rule 15 "automatically," granting leave will be appropriate absent a showing of bad faith, undue delay,

4

prejudice to the opposing party, or futility of amendment. In re Western States Wholesale Natural Gas ("In re Western States"), 715 F.3d 716, 738 (9th Cir. 2013).

B.  Analysis

1.  Rule 16(b)

The "good cause" requirement "typically will not be met where the party seeking to modify the pretrial scheduling order has been aware of the facts and theories supporting amendment since the inception of the action." Id. at 737. Indeed, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 610. Plaintiffs argue there is good cause to extend the discovery deadlines because they only recently received information and evidence related to Chief Hahn and Lieutenant Sood's liability. See Mot. at 5, 9-10. Defendants counter that Plaintiffs took too long to take Chief Hahn and Lieutenant Sood's depositions. See Opp'n at 3-4.

This case is distinct from Johnson. The plaintiff in Johnson sued Mammoth Recreations, Inc. after a ski-lift accident. 975 F.2d at 606. On two different occasions prior to the scheduling order's deadline for joining additional parties, the defendant informed Johnson that Mammoth Recreations was not the entity that owned and operated the ski lift; the correct defendant was Mammoth Mountain Ski Area. Id. at 606-07. Mammoth Recreations even offered to stipulate to a substitution of the proper party. Id. at 607. Still, Johnson failed to file a motion to amend his complaint until four months after the scheduling order's deadline for joining parties. Id. at 607.

5

The Court denied Johnson's motion to amend, finding that Johnson's failure to "heed clear and repeated signals that not all necessary parties had been named in the complaint [did] not constitute diligence." Id. at 609.

Here, the recent delays were primarily caused by the COVID-19 pandemic. On May 1, 2020, the parties stipulated to extend out all the discovery and expert deadlines by approximately six to eleven months. See Stip., ECF No. 14; see also Min., ECF No. 15. Per the parties, "restrictions associated with the COVID-19 pandemic interfered with [their] ability to conduct discovery." Stip. at 2. Several depositions were completed in January of 2021. Melissa Nold Decl. ("Nold Decl.") ¶ 3, ECF No. 30-1. These had to be conducted remotely because of the pandemic. Mot. at 2. Then on January 29, 2021, the parties again stipulated to extending the discovery deadlines to complete additional depositions. See Stip., ECF No. 25. This additional round of depositions was completed in March of 2021. Mot. at 2. Plaintiffs allege these depositions revealed previously unknown and relevant information. They moved to amend their complaint just under one month later.

These delays undoubtedly have contributed to a more protracted litigation of this case. Conducting discovery and organizing entirely remote depositions in the context of the pandemic, where counsel and staff is working at a distance, is no easy task. It is not unreasonable that it took Plaintiffs as long as it did to complete seventeen depositions of all current Plaintiffs, Defendants, and officer witnesses and all associated discovery. In the final round of depositions, Plaintiffs

contend that they learned new facts relevant to their existing claims that require the addition of new named defendants and one additional related claim. It is uncontroverted that Plaintiffs were not aware of this information prior to taking these depositions. Thus, the Court finds that Plaintiffs have made the requisite showing of "good cause."

Further, as discussed below, the Court finds that Defendants will not be prejudiced if Plaintiffs are allowed to modify the pretrial schedule and amend their FAC. Accordingly, the Court finds that Plaintiffs have satisfied Rule 16(b)'s requirements.

### 2. Rule 15(a)

Rule 15 requires that leave to amend be freely given when justice so requires. Fed. R. Civ. P. 15(a). The Ninth Circuit has repeatedly stated that "this policy is to be applied with extreme liberality." See, e.g., Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Defendants oppose amendment only insofar as it would cause undue delay and prejudice. See Opp'n at 5-6. Neither factor suggests that Plaintiffs' motion falls short of Rule 15's low bar.

#### a. Undue Delay

In analyzing undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." Jackson v. Bank of Haw., 902 F.2d 1385, 1388 (9th Cir. 1990). Plaintiffs wish to amend their FAC to add recently-deposed Chief Hahn and

Lieutenant Sood as named defendants, to update the facts of the case based on information obtained during those depositions, to include the City of Sacramento as a defendant in pre-existing causes of action, and add a cause of action for supervisory liability. Plaintiffs did not know the facts requiring amendment of the FAC prior to conducting these depositions. And for the reasons explained above, the timing of the March 2021 depositions was not unreasonable considering the difficulties created by the COVID-19 pandemic. Thus, Plaintiffs have not unduly delayed in bringing this motion to amend.

            b.    <u>Prejudice</u>

The Court also finds that Plaintiffs' amendment of the FAC will not cause Defendants undue prejudice. Prejudice is the "touchstone of the inquiry under [R]ule 15(a)." <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003). Indeed, "it is the consideration of prejudice to the opposing party that carries the greatest weight" when a court decides whether granting leave to amend is proper. <u>Id.</u> But "[b]ald assertions of prejudice cannot overcome the strong policy reflected in Rule 15(a) to facilitate a proper disposition on the merits." <u>Hurn v. Retirement Fund Trust of Plumbing, Heating and Piping Industry of Southern California</u>, 648 F.2d 1252, 1254 (9th Cir. 1981) (internal quotes omitted).

In <u>Hurn</u>, the Ninth Circuit found that the defendant would not be unduly prejudiced by the plaintiff's proposed amendment, in part, because "the operative facts remain[ed] the same." <u>Id.</u> at 1255. By contrast, in <u>Morongo Band of Mission Indians</u>, the Ninth Circuit found defendants were unduly prejudiced because the

new claims set forth "would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense." 893 F.2d at 1079.

The proposed amendments to the FAC are set forth in Exhibit 1 of Plaintiffs' motion. See Proposed Second Am. Compl. ("SAC"), Ex. 1 to Mot., ECF No. 30-3. Chief Hahn and Lieutenant Sood are new named defendants and additional facts and one cause of action have been added. Id. However, these additional facts and lone cause of action do not significantly alter the theories of liability or nature of the litigation. Plaintiffs remove an entire cause of action in the proposed SAC; name Chief Hahn as a defendant in the Monell cause of action; include Chief Hahn, Lieutenant Sood, and the City of Sacramento in the wrongful death cause of action; add the City of Sacramento in the survival causes of action; and allege a cause of action against Lieutenant Sood based on supervisory liability. Id.

Plaintiffs argue that Defendants will not have to substantially change their litigation strategy to account for these amendments. See Mot. at 7. The Court agrees. Naming the relevant Doe supervisors to pre-existing causes of action and adding a final cause of action for supervisory liability against Lieutenant Sood does not greatly alter the nature of the litigation. Moreover, given that Chief Hahn and Lieutenant Sood have already been deposed and Plaintiffs propounded additional discovery related to those depositions, see Mot. at 3, including Chief Hahn and Lieutenant Sood in the proposed SAC should not create much, if any, additional discovery. That Plaintiffs seek

9

to name the City of Sacramento as liable for respondeat superior for their employees similarly should not require significant amounts of additional discovery.  Plaintiffs simply seek to hold the city responsible for the actions of their defendant employees, all of whom have been deposed and for whom discovery has already been conducted.

Finally, at the time the motion was filed, the deadlines for discovery and dispositive motions had not passed.  With a modified pretrial schedule Defendants will be able to adequately continue preparing their defense.

## III.  ORDER

For the reasons set forth above, the Court GRANTS Plaintiffs' Motion to Amend the FAC as set forth in Exhibit 1 to their motion.  Plaintiffs' SAC shall be filed within twenty (20) days of this Order.  Defendants' responsive pleading is due twenty days thereafter.  The Court also vacates the original and modified scheduling orders at ECF Nos. 8, 15, and 26.  By July 15, 2021, the parties shall file a joint stipulation, proposing new dates for completing fact discovery, expert witness disclosures, expert discovery cut off, filing dispositive motions, the pretrial conference and trial.  The Court will issue a new scheduling order upon receipt of the joint stipulation.

IT IS SO ORDERED.

Dated: June 28, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE