UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHOUA VANG, *et al.*, | Case No. 2:19-cv-00374-JAM-JDP |
| Plaintiffs, | ORDER DENYING MOTIONS TO MAINTAIN CONFIDENTIALITY |
| v. | ECF Nos. 41, 45 |
| CITY OF SACRAMENTO, *et al.*, | ORDER DENYING REQUESTS TO FILE UNDER SEAL |
| Defendants. | ECF Nos. 48, 50 |

In multiple motions, defendants seek to establish the confidentiality of a disciplinary letter in the personnel file of a former police officer who was involved in a deadly shooting while on the force. The disciplinary letter, which defendants have multiple times disclosed publicly—albeit, it seems, inadvertently—relates to an apparent incident that took place one year after the shooting. Although defendants did not seek to maintain confidentiality as provided in the stipulated and approved protective order, they ask that the court somehow re-establish confidentiality, an action that they argue should be supported by a finding of excusable neglect. I will deny defendants' motions.

**Background**

A stipulated protective order was entered on November 13, 2020. ECF No. 24. The order requires a party challenging a confidentiality designation to provide written notice of the basis for

1

the challenge. *Id.* at 6. The parties then meet and confer, and the party designating confidentiality has an opportunity to reconsider. *Id.* If the parties cannot resolve the dispute, the party asserting confidentiality must file a motion to retain confidentiality within either "21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier." *Id.* at 7. If no timely motion is made, confidentiality is waived. *Id.*

At some point in early-to-mid-March 2021, day-to-day responsibility for this case shifted from one defense counsel to another, although the prior lead counsel—who apparently had taken an unexpected medical leave—remained as an attorney of record. ECF No. 41. The new addition to the defense team did not immediately become aware of the protective order. *See id.* at 4. On March 12, 2021, he emailed plaintiffs' counsel, stating that he would take over the case. ECF No. 41-1 at 5. Later that day, plaintiffs' counsel sent him a letter regarding the confidentiality of the documents at issue. *Id.* at 2. In the first sentence of the letter, plaintiffs' counsel directed defense counsel to the protective order and advised him of plaintiffs' challenge to the disciplinary letter's confidentiality designation. *Id.* at 7. Defense counsel responded on March 18, refusing to stipulate to the disciplinary letter's disclosure. *Id.* at 17-18. It appears, however, that defense counsel may not have reviewed the contents of the protective order.

Under the protective order, defendants had 21 days from the March 12 notice of challenge to file a motion to maintain confidentiality of the disciplinary letter. *See* ECF No. 24 at 7. Defendants, however, did not file a timely motion. On August 16, 2021, plaintiffs' counsel again contacted defense counsel, asserting that confidentiality had been waived, given that five months had passed without any motion from defendants. *Id.* at 23. On August 18, defendants filed their first motion to maintain confidentiality. ECF No. 41. In an apparent error, they publicly filed the disciplinary letter as an attachment. ECF No. 41-1 at 11-14. The following day, by minute order, the court informed counsel that its filing, which had been submitted to the district judge, should be resubmitted to the magistrate judge. On September 7, 2021, defendants submitted a second motion to maintain confidentiality, this time to the magistrate judge. ECF No. 45. Like the first, this second motion was not sealed and attached the disciplinary letter. *Id.* On September 21,

multiple news stories were published, citing the letter.  ECF No. 47 at 6, n.2.  That same day, in what might not have been a coincidence, defense counsel informed the undersigned's chambers that portions of the second motion should have been filed under seal.  The court, in response, immediately and on its own motion temporarily sealed those portions.  ECF 46.  Defense counsel did not alert the undersigned to any need to seal the first filing, however, and it remained—and to this day remains—unsealed.  ECF 41.

**Discussion**

There is no dispute that defendants failed to comply with the requirements of the protective order when they did not timely file a motion to maintain confidentiality.  At issue is whether the court should somehow excuse defendants' failure to comply with the parties' agreed-to protective order.[1]  Defendants encourage the court to look to Federal Rule of Civil Procedure 6(b)(1)(B), which permits the court, in some circumstances and for good cause, to relieve a party of the penalty of a missed deadline—if "excusable neglect" is found.  But even if this rule applies, defendants have established neither good cause nor excusable neglect.

Although a key member of the defense team may initially have been unaware of the protective order, it is not apparent why this would constitute excusable neglect, and the order was soon called out for him in the first line of correspondence from plaintiffs.  ECF No. 41-1 at 7.  Defense counsel penned a response to this correspondence six days later, but seemingly still did not read the order, since he did not take the measures needed to preserve confidentiality.  ECF No. 41-1 at 17.

Separately, defendants themselves publicly filed multiple copies of the disciplinary letter, destroying confidentiality.  ECF No. 41-1 at 11-14; ECF No. 45-1 at 11-14.  Two weeks after one such mistaken filing, defendants made efforts to correct their error, but it was almost certainly too late, considering that multiple news outlets had published articles discussing the disciplinary letter.  ECF No. 47 at 4.  And the first erroneous disclosure remains unsealed to this day.  The bell that defense counsel asks the court to un-ring is still actively sounding.

---

[1] The parties also dispute whether state law requires public disclosure of the disciplinary letter, but I see no need to reach that issue.

Since the disciplinary letter's confidentiality has been waived, there is no basis for maintaining either the letter or relevant briefing under seal. *See* ECF Nos. 48, 50. The public generally has a right to inspect court records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). There is a strong presumption in favor of public access to court records, and the party seeking to seal a record bears the burden of overcoming that presumption. *See Kamakana*, 447 F.3d at 1178. Here, the presumption is not overcome.

**Conclusion**

Accordingly, it is hereby ordered that:

1. Defendants' motions to maintain confidentiality, ECF Nos. 41, 45, are denied.

2. Plaintiffs' motion to file under seal, ECF No. 48, and defendants' motion to seal, ECF No. 50, are denied.

3. The court's temporary sealing of documents, ECF No. 46, is lifted.

IT IS SO ORDERED.

Dated: ___March 31, 2022___        _____
                                   JEREMY D. PETERSON
                                   UNITED STATES MAGISTRATE JUDGE